UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL ZINK,<br><br>               Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>   Commissioner of Social Security,<br><br>               Defendant. | CASE NO.    C07-5317BHS<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for October 12, 2007 |

This matter comes before the court on defendant's motion to remand (Dkt. # 7). After reviewing the motion, and noting that Plaintiff has not filed any opposition to the motion, the court finds and recommends as follows.

(1) Defendant's motion to remand the matter should be GRANTED. "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.1981). Where the Secretary is in a better position than this court to evaluate the evidence, remand is appropriate. *See* McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.1989). Moreover, "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2).

(2) Defendant requests remand because the record is missing a medical exhibit marked as "exhibit 40" constituting medical treatment from February 5, 2004 through July 5, 2004 from the Virginia Mason Medical Center. The hearing decision cites this exhibit. Furthermore, the hearing decision cites information from exhibit 40, yet the information cited

REPORT AND RECOMMENDATION
Page - 1

1  appears to correlate with exhibit 41, thus adding further ambiguity into the record. As noted above,

2  Plaintiff does not oppose defendant's motion. In sum, the court should remand the matter for

3  development of the record and further consideration.

4  (3) The clerk is directed to place this matter for consideration on the U.S. District Judge's October

5  12, 2007 motion calendar. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

6  Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See*

7  *also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of

8  appeal. Thomas v. Arn, 474 U.S. 140 (1985).

9  DATED this 20th day of September, 2007.

  */s/ J. Kelley Arnold*
  J. Kelley Arnold
  U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2